```
                                        FILED IN THE
                                     U.S. DISTRICT COURT
                                 EASTERN DISTRICT OF WASHINGTON
```

Apr 10, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT ROYBAL,<br><br>                Plaintiff,<br><br>      v.<br><br>TOPPENISH SCHOOL DISTRICT;<br>JOHN CERNA,<br><br>                Defendants. | No.   1:14-CV-03092-SMJ<br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court, without oral argument,[1] is Defendants Toppenish School District and John Cerna's (collectively, "Toppenish") Motion to Dismiss for Failure to State a Claim, ECF No. 77. Toppenish moves to dismiss Roybal's claim for wrongful withholding of wages under Wash. Rev. Code (RCW) § 49.52, which provides double damages when an employer willfully withholds wages due an employee. The statute applies only where an employee was owed wages under a specific contract or statute. Roybal alleges that he was a tenured principal who was entitled to his salary under RCW § 28A.405.230, which provides that principals

---

[1] The parties requested oral argument on this matter. However, after reviewing the pleadings and the file in this matter, the Court has determined that oral argument is unnecessary.

ORDER **-** 1

with three or more years' experience may not be transferred to a lower-paying position without a due process hearing. Accordingly, Roybal has alleged facts sufficient to state a claim under § 49.52, and Toppenish's motion to dismiss is denied.

## BACKGROUND

Plaintiff Robert Roybal served as a principal in Toppenish School District (the "School District") for seven years, from 2005–2012. ECF No. 35-1. In 2012, he was transferred to Toppenish Middle School, where he worked as Vice Principal. *Id.* That year he received a raise in base pay from $90,296 to $92,021. ECF No. 51-1. During the 2013–2014 school year, Roybal's base pay was raised to $96,526. *Id.*

In August 2013, Roybal received a negative performance evaluation. *Id.* Believing the evaluation did not comply with the Teacher Principal Evaluation Project standards, Roybal complained to Superintendent John Cerna. *Id.* Cerna did not acknowledge any violations. *Id.* A few weeks later, Roybal's attorney, Kevin Montoya, sent a letter to Cerna requesting specific support for Roybal's evaluation under the applicable Washington Administrative Codes. *Id.* Roybal was then confronted by Cerna and Human Resources Director Larry Davison, who criticized Roybal for "going outside" the District. *Id.*

On May 2, 2014, the District served Roybal a letter indicating he would be reassigned for the 2014–2015 school year to a part-time social studies teaching

position and a part-time EAGLE/CATS recruiter position. *Id.* Due to the reassignment, Roybal's base pay was reduced from $96,526 to $56,599. ECF No. 35-1. On May 15, 2014, the District sent a letter stating the reasons for the transfer. *Id.*

On May 22, 2014, Roybal and his counsel appeared at an informal meeting with the School District's board of directors to request reconsideration of the reassignment. ECF No. 54. Roybal was given a document stating the basis for the reassignment, but was not permitted to respond and was denied the opportunity to call witnesses. *Id.* Roybal submitted a written brief after the meeting and the District issued its written response on June 2, 2014, declining Roybal's request. ECF No. 35-1.

## LEGAL STANDARD

A claim may be dismissed pursuant to Rule 12(b)(6) either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

RCW § 49.52.050(2) provides that an employer shall be guilty of a misdemeanor if the employer "willfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract." An employer is "obligated" to pay wages within the meaning of the statute only if the employer had a "pre-existing duty imposed by contract or statute to pay specific compensation." *Hemmings v. Tidyman's, Inc.*, 285 F.3d 1174, 1203 (9th Cir. 2002). Thus, it applies only to wages that legally accrued prior to a jury verdict. The statute does not apply where the damages accrued from a retrospective jury verdict.

Toppenish argues that Roybal's claim for damages should be dismissed because the specific amount owed to him cannot be determined before a jury verdict in his favor. In support of its argument, Toppenish cites *Hemmings v. Tidyman's, Inc.* In that case, a jury awarded plaintiffs $120,000 in lost wages and benefits after finding the employers violated anti-discrimination laws by failing to promote plaintiffs on the basis of their sex. 285 F.3d at 1182. On appeal, the Ninth Circuit held that the plaintiffs were not eligible to receive double damages under RCW

ORDER - 4

§ 49.52.020 because the employer was not obligated by statute or contract to pay the wages at the time they were withheld. *Id.* at 1203. Instead, the right to the wages accrued only when the jury verdict issued. *Id.* The court reasoned that a violation of § 49.52.050 occurs only where "an employer consciously withholds a quantifiable and undisputed amount of accrued pay." *Id.*

Toppenish asserts that this case is analogous to *Hemmings* because the specific amount owed to Roybal, if any, could not be determined without a jury verdict in his favor. Like the plaintiffs in *Hemmings*, Toppenish argues, Roybal was paid all wages to which he was entitled at the time. Under his new assignment as a part-time teacher, Roybal was entitled to receive $56,599 per year. Toppenish did not withhold these wages. Toppenish therefore argues that any other wages cannot be determined without a jury verdict, and that Roybal is therefore not entitled to double damages under the wage withholding statute.

Toppenish cites a number of district court cases in which courts have dismissed a claim under § 49.52.050 on the same basis. For example, a court dismissed a wrongful wage withholding claim in *Dice v. City of Grand Coulee*, No. 11-cv-296-JLQ, 2012 WL 4793718 (E.D. Wash. Oct. 9, 2012). In that case, Dice, a former police officer for the City of Grand Coulee, was terminated by the City. Following his termination, Dice followed the grievance process established in the applicable collective bargaining agreement. As part of the process, an arbitrator

determined that Dice had been terminated without just cause and was entitled to lost wages. Dice then brought a federal claim under § 1983 for violation of due process and a state law claim for wrongful withholding of wages under RCW § 49.52. Citing *Hemmings*, the court dismissed Dice's wrongful withholding claim because "the City's obligation to pay [Dice] wages did not accrue until the arbitrator's decision was rendered." *Id.* at *8.

Toppenish's reliance on *Hemmings* is misplaced. *Hemmings* stands for the proposition that the statute does not apply unless the employer was obligated by statute or contract to pay wages at the time they were withheld. This case differs from *Hemmings* and the district court cases cited by Toppenish because Roybal alleges that Toppenish was statutorily obligated to pay him under RCW § 28A.405.230.

RCW § 28A.405.230 provides:

> Any certificated employee of a school district . . . shall be subject to transfer, at the expiration of the term of his or her employment contract, to any subordinate certificated position within the school district . . . . Provided that in the case of principals such transfer shall be made at the expiration of the contract year and only during the first three consecutive school years of employment as a principle by a school district . . . .

The statute prohibits principals with three or more years' experience from being transferred to a "subordinate certificated position." The statute defines a "subordinate certificated position" as "any administrative or nonadministrative

ORDER - 6

certificated position for which the annual compensation is less than the position currently held by the administrator." RCW § 28A.405.230. In *Sneed v. Barna*, 912 P.2d 1035 (Wash. Ct. App. 1996), the court explained that, because a district's needs may change year to year, the district retains discretion to transfer tenured principals to different positons "as long as their salaries are not reduced." *Id.* at 1038.

In its earlier order on cross motions for summary judgment, the Court noted that Roybal was employed as a principal for seven years from 2005 to 2012. Before the 2012–2013 school year, he was transferred to Toppenish Middle School under the title of Assistant Principal, but received a raise in base pay consistent with the District's annual salary tables for principals. The Court held that the District transferred Roybal in accordance with *Sneed* and that Roybal retained his status as a tenured principal under RCW § 28A.405.230. ECF No. 63 at 10.

Roybal argues that, because he was entitled to retain his salary as a principal until removed following a due process hearing, he was statutorily entitled to his salary as a principal under RCW § 28A.405.230. At the time of his transfer, Roybal earned $96.526. Following the transfer, Roybal earned $56,599. Roybal argues that the amount of wages owed accrued *until* a proper due process hearing took place and that such wages are determinable independent of a jury verdict.

Roybal has alleged facts sufficient to state a plausible claim under RCW 28A.405.230. Unlike the plaintiffs in *Hemmings*, *Dice*, or any other case cited by Toppenish, Roybal has alleged that Toppenish had a statutory obligation to pay him certain wages. Accordingly, Roybal has stated a claim that would entitle him to damages under RCW § 28A.495.230 that is sufficient to survive Toppenish's motion to dismiss.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss for Failure to State a Claim, **ECF No. 77**, is **DENIED**.

2. The hearing on this matter currently set for April 23, 2018, is **STRICKEN**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 10th day of April 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge