FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT ROYBAL, | No. 1:14-CV-03092-SMJ |
| Plaintiff, | |
| v. | **ORDER RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| TOPPENISH SCHOOL DISTRICT; JOHN CERNA, | |
| Defendants. | |

Before the Court is Plaintiff Robert Roybal's Motion for Partial Summary Judgment, ECF No. 83. The Court heard oral argument on this motion on May 11, 2018, and orally granted the motion in part. The Court then referred the parties to mediation on the issue of damages. The parties held a settlement conference on May 29, 2018, but were unable to reach a resolution. This Order memorializes and supplements the Court's oral ruling.

## BACKGROUND

### A. Undisputed Facts

Plaintiff Robert Roybal was employed as a principal by the Toppenish School District (the District) from 2005 to 2012. In 2012, he was transferred to the positions of Vice Principal of Toppenish Middle School and recruiter for the Computer

ORDER - 1

Academy Toppenish Schools (CATS). ECF No. 35-1. That same year, he received a raise in base pay from $90,296 to $92,021. For the 2013–2014 school year, Roybal's base pay increased to $96,526. These salaries were consistent with the School District's pay structure for elementary school principals. ECF No. 51-1 at 3.

Roybal received his evaluation for the 2012–2013 school year on August 14, 2013. *Id.* at 42. The evaluation was completed by Jeanette Ozuna, the human resources director during the 2012–2013 school year. *Id.* at 42. The evaluation gave Roybal low marks, rating him as "basic" in all categories. *Id.* at 42. Under the applicable evaluation standards, this rating required the District and Roybal to create and implement a professional development plan to address points of incompetence. *See id.* at 57.

Roybal objected to the evaluation, asserting that it did not comply with the requirements set out in the memorandum of agreement between the Toppenish Principal's Association and the District. The memorandum of agreement requires the District's evaluations of principals to comply with specified evaluation standards, District policy, and current Washington State statutes. *Id.* at 39. Roybal brought his concerns to the District's superintendent, John Cerna. Cerna did not acknowledge any error with the evaluation. *Id.* at 8.

On August 16, 2013, Roybal's attorney, Kevan Montoya, sent the District a letter concerning Roybal's evaluation. *Id.* at 46. The letter identified that its purpose

was to "ensure [the evaluation] follows Toppenish School District (District) policy and Washington State law." *Id.* The letter went on to explain that Roybal believed his evaluation lacked evidence supporting its conclusions, in violation of Wash. Admin. Code § 392-191A-140(2). *Id.* Approximately two weeks later, Cerna called Roybal into his office, where Human Resources Director Larry Davison was also present. Cerna criticized Roybal for "going outside" the District by hiring an attorney and appeared visibly upset. *Id.* at 12.

On May 2, 2014, the District served Roybal a letter indicating he would be reassigned for the 2014–2015 school year to a part-time social studies teaching position and a part-time EAGLE/CATS recruiter position. *Id.* at 59. Due to the reassignment, Roybal's base pay was reduced from $96,526 to $56,599. *Id.* The letter did not provide the basis for the reassignment, but indicated that the assignment was in accordance with Wash. Rev. Code (RCW) § 28A.405.230. *Id.* On May 15, 2014, the District sent Roybal a letter stating the reasons for the transfer. *Id.*

On May 22, 2014, Roybal and his counsel appeared at an informal meeting with the District's board of directors and Cerna. *See* ECF No. 88-1. Roybal maintained that the meeting was not the proper process for transferring him and requested reconsideration of his reassignment. *Id.* at 3–4. At the meeting, Roybal was given a document titled "Basis for Robert Roybal reassignment," ECF No. 51-

1 at 84, but had no opportunity to respond to it. Roybal was not permitted to conduct discovery, present evidence, or call witnesses. *See* ECF No. 88-1. The District issued its written response on June 2, 2014, denying Roybal's request for reconsideration.

Roybal is still employed as a teacher in the Toppenish School District. To date, Roybal has not received a notice of probable cause under RCW § 28A.405.300, nor has he received a hearing under RCW § 28A.405.310.

**B. Procedural History**

Roybal filed suit in Yakima County Superior Court on June 13, 2014, against Toppenish School District and superintendent John Cerna (collectively, "Toppenish"). Toppenish removed the matter to this Court on June 30, 2014.

On March 27, 2015, Toppenish moved for summary judgment, and on May 1, 2015, Roybal filed a cross motion for summary judgment. The Court granted Toppenish' motion for summary judgment on Roybal's demand for a writ of mandamus and breach of contract claims. ECF No. 63. The Court granted Roybal's motion for summary judgment on his § 1983 due process claim. *Id.*

Toppenish appealed, and the Ninth Circuit issued an opinion on September 20, 2017, reversing in part and dismissing in part. ECF No. 73. The court of appeals reversed the summary judgment grant to Roybal on the due process claim and directed this Court to enter judgment on behalf of Toppenish. *Id.* The court of

appeals further noted that it lacked jurisdiction to review Roybal's First Amendment retaliation claim, and instructed that this claim should proceed to trial. *Id.* The Court entered an amended order reflecting the Ninth Circuit's mandate on February 23, 2018. ECF No. 76.

Roybal filed the instant motion for summary judgment on March 14, 2018. ECF No. 83. Oral argument occurred on May 11, 2018.

## DISCUSSION

**A.      This Court has already determined that the District's transfer process violated Roybal's statutory rights under RCW § 28A.405.230.**

As a preliminary matter, a brief overview of the statutory scheme governing the removal of tenured principals is helpful to understanding the arguments at issue in this case. RCW § 28A.405.230—the statute that the District cited in its transfer notice to Roybal—governs the transfer of untenured administrators to subordinate certificated positions. The statute requires that the superintendent notify the administrator in writing of the transfer on or before May 15th preceding the commencement of the next school term. *Id.* Following the notification, the administrator may meet informally with the board of directors in an executive session to request reconsideration of the superintendent's decision. *Id.* The board must then notify the administrator in writing of its final decision within ten days of the meeting. *Id.*

Section 28A.405.245 sets out a similar procedure for terminating principals who have worked more than three consecutive years as a principal in the district. The statute provides,

> Transfer of the principal to a subordinate certificated position shall be based on the superintendent's determination that the results of the evaluation of the principal's performance using the evaluative criteria and rating system established under RCW 28A.405.100 provide a valid reason for the transfer without regard to whether there is probable cause for the transfer.

RCW § 28A.405.245. If such is the case, the principal is subject to transfer in accordance with the same informal meeting procedures set out in RCW § 28A.405.230.

Importantly, RCW § 28A.405.245 applies only to principals "first employed by a school district" after June 10, 2010. Likewise, RCW § 28A.205.230 does not apply to principals hired before June 10, 2010. Accordingly, principals hired before June 10, 2010, such as Roybal, are entitled to statutory due process proceedings before being transferred to a subordinate certificated position.

The statutory framework establishes a right to notice, a formal hearing before a hearing examiner, and appeal. RCW §§ 28A.305.300–.380. First, the district must notify the principal of the adverse decision in writing, and the notification must specify the probable cause for such action. *Id.* § .300. The principal may then request a statutory hearing to determine whether sufficient cause exists to justify the adverse action. *Id.* Prior to the hearing, the principal may request subpoenas,

take depositions, conduct discovery, and retain counsel. *Id.* At the hearing, the principal may respond to allegations against him or her and present evidence. *Id.* Following the hearing, the principal may appeal the decision to the superior court in the county in which the school district is located. *Id.* § .320.

In its prior motion for summary judgment, Toppenish contended that Roybal was not a tenured principal under RCW § 28A.405.230 because he was transferred to the position of vice principal in 2012. The Court determined that, under Washington law, a principal's classification does not change when the principal is transferred but maintains the same annual salary. ECF No. 63 at 10. The Court went on to conclude that "because Plaintiff retained his status, the District's decision to transfer him to a lesser-paying position before the 2014–2015 school year triggered statutory due process protections." *Id.*

In its previous order, the Court held that the District violated Roybal's statutory rights by transferring him to a subordinate certificated position without a probable cause hearing. *Id.* Although the Court's conclusion that the District violated Roybal's constitutional due process rights was reversed on appeal, the holding that the District violated Roybal's statutory rights by failing to hold a hearing remains valid.

In sum, the undisputed facts show that the District violated Roybal's statutory rights under RCW § 28A.405.310. Consistent with this Court's prior holding, Roybal is therefore entitled to summary judgment on this claim.

**B.    Roybal is entitled to reinstatement plus damages under RCW § 28A.405.350.**

The parties next dispute the appropriate remedy for a statutory due process violation. Roybal argues that he is entitled to reinstatement plus damages for lost wages in the years following his transfer to a subordinate certificated position under RCW § 28A.405.350. Toppenish argues that the appropriate remedy is an order directing a hearing consistent with RCW § 28A.405.300 *et seq.* Both the statute and the case law favor Roybal's position that he is entitled to reinstatement and damages.

RCW § 28A.405.350 governs the remedy for violations of a tenured principal's statutory due process rights:

> If the court enters judgment for the employee, in addition to ordering the school board to reinstate or issue a new contract to the employee, the court may award damages for loss of compensation incurred by the employee by reason of the action of the school district.

*Id.* The statute's plain text unambiguously directs the court to order reinstatement of the employee and permits the court to award damages.

Roybal's position finds ample support in Washington case law as well. *See, e.g.*, *Foster v. Carson Sch. Dist. No. 301*, 385 P.2d 367 (Wash. 1963) (awarding

damages where teacher was dismissed without proper notice); *Van Horn v. Highline Sch. Dist. No. 401*, 562 P.2d 641 (Wash. Ct. App. 1977) (awarding reinstatement plus damages where teacher's contract was improperly not renewed). *Hyde v. Wellpinit Sch. Dist. No. 49*, is the most analogous to the case at bar. 611 P.2d 1388 (Wash. Ct. App. 1980). In that case, Ed Hyde brought suit challenging the nonrenewal of his contract as principal with Wellpinit School District. *Id.* at 1390. Prior to his termination, Hyde received a letter from the district superintendent listing fifteen "negative items" regarding Mr. Hyde's performance as principal and requesting his voluntary resignation. *Id.* at 1389. The letter closed by stating that if Hyde did not resign, the superintendent would recommend that the board vote not to renew Hyde's contract. *Id.* Hyde met informally with the board to request reconsideration. The board deferred voting on the matter for two more sessions, then denied Hyde's request. *Id.* at 1389–90.Hyde appealed, and the superior court dismissed the appeal as untimely. The court of appeals reversed. *Id.* at 1392. The court of appeals did not determine whether Hyde's appeal was untimely, reasoning that the board's termination was facially inadequate because it was not based on the statutorily-required principal evaluation standards. *Id.* The court of appeals remanded to the superior court for reinstatement and award of damages and attorney's fees under RCW § 28A.58.490 (recodified as RCW § 28A.490.350). *Id.* Thus, as *Hyde* demonstrates, when a principal is terminated in violation of his or

her statutory rights, the court may order reinstatement plus damages and attorney's fees.

In support of its argument that the appropriate remedy is a hearing, Toppenish cites two cases: *Cronin v. Central Valley Sch. Dist.*, 193 Wash. App. 1022, 2016 WL 1533377 (Apr. 14, 2016) (unpublished), and *Giedra v. Mt. Adams Sch. Dist. No. 209*, 110 P.3d 232 (Wash. Ct. App. 2005). However, Toppenish's reliance on these cases is misplaced. Unlike the present action, the teachers in *Cronin* and *Giedra* sued only for declaratory and injunctive relief directing the school district to provide them with a pretermination hearing. In *Cronin*, a teacher was fired in violation of RCW §§ 28A.405.300 and .310. *Cronin*, 2016 WL 1533377, at *11. The teacher then filed a declaratory judgment action seeking to compel the school district to engage in the hearing process. *Id.* at *6. The district court dismissed the action as an untimely appeal, but the court of appeals reversed. *Id.* The court of appeals granted the teacher's request for declaratory relief requiring the district to participate in the statutory hearing process. *Id.* at *16. The court of appeals explicitly noted that its opinion did not address damages for lost pay and benefits because the trial court had not addressed the issue and it was not briefed on appeal. *Id.* Thus, *Cronin* merely stands for the proposition that a wrongly terminated teacher may be entitled to injunctive relief. This does not mean the teacher not also entitled

to other forms of relief. The holding in *Giedra* is similarly limited to the relief requested by the plaintiffs. 110 P.3d at 236–37.

Accordingly, because the Court enters judgment in Roybal's favor on the issue of violation of statutory due process, RCW § 28A.405.350 plainly directs the court to order reinstatement and permits an award of damages and attorney's fees.

## C. Roybal is not entitled to summary judgment on his claim under RCW § 49.52.070.

RCW § 49.52.070 permits an employee to recover double damages for wrongfully withheld wages. The employer's failure to pay wages must be "willful." *Schilling v. Radio Holdings, Inc.*, 961 P.2d 371, 374 (Wash. Ct. App. 1998). An employer's act is not willful if it results from the employer's carelessness in failing to pay or if a "bona fide" dispute existed between the employer and employee regarding the payment of wages. *Id.* at 160. Here, Toppenish willfully failed to pay Roybal wages owed. However, Roybal can succeed on summary judgment only if he can show that no bona fide dispute existed as to the wages owed. This he cannot do. A bona fide dispute must arise from a fairly debatable difference in opinion as to whether wages are owed.

Here, a reasonable jury could find that Toppenish fairly disputed whether Roybal's was entitled to a hearing before a hearing officer prior to his transfer to a subordinated certificated position. The process followed by the District in notifying

and transferring Roybal to the subordinate certificated position closely tracked the procedures for transferring a nontenured administrator set out in RCW § 28A.405.245. A reasonable juror may find this fact supports Toppenish's assertion that it had a good faith belief that Roybal was not a tenured administrator at the time of his transfer and that his transfer was valid. Because an issue of fact as to Toppenish's willfulness remains, Roybal is not entitled to summary judgment on his claim for damages under RCW § 49.52.070.

**D.      The matter will proceed to trial on the question of damages.**

The parties dispute the actual damages incurred by Roybal as a result of Toppenish's violation of his statutory rights. At the hearing, the Court instructed the parties to contact Magistrate Judge Dimke to arrange mediation on the issue of damages. The parties did so, but were unable to reach a resolution. The Court therefore makes no finding on this issue of damages at the summary judgment stage. The issue of damages will be reserved for trial.

Accordingly, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion for Partial Summary Judgment, **ECF No. 83**, is **GRANTED** in part.

2.      Pursuant to RCW § 28A.405.350, Roybal is entitled to reinstatement. The District shall reinstate Roybal as soon as practicable but no later than the start of the 2018–2019 school year. Reinstatement does not

require that Roybal serve in the position of principal, but it must comply with *Sneed v. Barna*, 912 P.2d 1035 (Wash. App. 1996), in that his salary must be commensurate with a principal of similar standing.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 30th day of May 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge